**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>EDDIE S. RODRIGUEZ-BERRIOS,<br>MARIO J. HERNANDEZ-CARTAGENA,<br>JOSE L. ROMAN-MARTINEZ,<br><br>    Defendants. | CRIMINAL NO. 04-81 (PG) |

**OPINION AND ORDER**

Before the Court is the Government's motion to prohibit the Federal Public Defender's Office from ex-parte contact with its witnesses (Docket No. 149). Also before the Court is defendant Mario Hernandez-Cartagena's cross-motion to bar the Government from interfering with defense access to witnesses (Docket No. 150), which the remaining co-defendants have joined. (Docket Nos. 151 and 152)  The Court having carefully considered the motions and the applicable law, for the reasons stated hereunder, the same are **DENIED WITHOUT PREJUDICE.**

**I. BACKGROUND**

On April 14, 2004, defendants were charged by way of superseding indictment with a carjacking in which the victim, Yesenia Ortiz-Acosta, was sexually abused, abducted, and ultimately slain. (Docket No. 25)  To date, her body has not been found.  The Government has certified this case as eligible for a death penalty prosecution in compliance with the Local Rules (Docket No. 27), and is now engaged in the process of obtaining authorization to seek the death penalty.

The genesis of the present controversy can be traced to an informative motion filed on March 15, 2005 by counsel for defendant Hernandez-Cartagena, regarding a request for counsel by an inmate named Jose Claudio

Criminal No. 04-81 (PG)                                                    Page 2

Diaz ("Diaz").  (Docket No. 148)  Counsel reported that during an interview with Diaz at the Metropolitan Detention Center, Diaz requested "an attorney to represent him because he needs [advice] relative to his legal position. He is being questioned as, apparently, a witness in the above referenced murder case."  Id.

The following day, the Government queried Federal Public Defender Joseph C. Laws regarding the "ex-parte contacts between members of his office and [Diaz]."  (Docket No. 149)  The Government took issue with Mr. Laws' response to the effect that the defense may approach Diaz at any time because he is "a witness of the case and not a government witness."  Id. Although it agrees that this is the general rule (Docket No. 153), the Government maintains that it is the custom in this District that defendant give prior notice of an interview request so that the Government may "inform the witness of (1) defendant's request, and (2) his or her right to refuse to be interviewed."  Id. at 3.  The Government argues that the Public Defender's approach circumvents "the protections afforded to government witnesses ... including the protection of their identity," id. at 5, and accordingly requests that the Court prohibit such contact.

Defendant Hernandez-Cartagena responded with a cross-motion to bar the United States from interfering with defense access to witnesses. (Docket No. 150)  Defense counsel stated that he is in compliance with his ethical duty to interview witnesses and that he intends to continue interviewing Diaz for so long as he consents and has relevant information to offer. Id. at 4.  He argued "[t]he idea that the defense needs the government's permission to interview a witness is wholly unsupported by law," id. at 3, and further submitted that such interference is particularly egregious in a potential capital case, requesting that the Court order the Government not to interfere with defendants' right of access to witnesses. Id. at 4-5.  Both co-defendants have joined the cross-motion.  (Docket Nos. 151 and 152)

The Government refined its position in its memorandum of law, where it posited that the defense's "unannounced, unexpected and unadvised approach to government witnesses may cause upon such witnesses undue pressure, coercion or intimidation, and may with high probability increase their safety concerns." (Docket No. 153 at 4) The Government also emphasized that "it is not by coincidence that there is no constitutional or statutory requirement that the identity of prosecution witnesses be disclosed before trial," requesting the Court adopt its proposed prior notification procedure.

## II. DISCUSSION

"The equal right of the prosecution and the defense in criminal proceedings to interview witnesses before trial is clearly recognized by the courts." Kines v. Butterworth, 669 F.2d 6, 9 (1st Cir. 1981) (collecting cases); Gregory v. U.S., 369 F.2d 185, 188 (D.C. Cir. 1966) ("Witnesses, particularly eye witnesses, to a crime are the property of neither the prosecution nor the defense. Both sides have an equal right, and should have an equal opportunity, to interview them.").

The free choice of a potential witness to talk to defense counsel must remain unconstrained, and the prosecution improperly interferes with a defendant's right of access to the witness if it imposes unjustified limitations. Kines, 669 F.2d at 9 (citing U.S. v. Scott, 518 F.2d 261, 268 (6th Cir. 1975), and Byrnes v. U.S., 327 F.2d 825, 832 (9th Cir. 1964), cert. denied, 377 U.S. 970 (1964)). Justification of interference with this right of access can only be shown by the clearest and most compelling considerations. Kines, 669 F.2d at 9 (citing Dennis v. U.S., 384 U.S. 855, 873-874 (1966)). Of course, where the government's witnesses are in obvious danger, the right of access may be delayed until trial. See U.S. v. Pepe, 747 F.2d 632, 655 (11th Cir. 1984)(citations omitted); but cf. Roviaro v. United States, 353 U.S. 53, 60-61 (1956)(where the identity or

Criminal No. 04-81 (PG)                                                  Page 4

communication of an informer is "relevant and helpful to the defense of an accused, or ... essential to a fair determination of a cause," a defendant's due process right of access may trump the government's privilege to withhold the informer's identity).

Here, the Government's request for prior notification of defense interview requests constitutes a limit on defense access to witnesses. Aside from the implications that such a procedure would have on the revelation of defense work-product, the prosecution has not made the necessary showing of clear and compelling circumstances. The Government's motion to impose the notification procedure is therefore **DENIED WITHOUT PREJUDICE** at this time. Furthermore, the motion for a hearing is also **DENIED**.

The Court does not impugn the motives of the prosecutor in requesting such an Order. See Gregory v. U.S., 369 F.2d at 188. Recognizing the violent nature of the crimes charged in the indictment and the fact that this is a no-body case, the Court cannot rule out the possibility that witnesses may be coerced or intimidated, and finds that the prosecution has expressed legitimate concerns. For the reasons discussed above, however, such general concerns does not automatically translate into a limitation on defense access to particular witnesses.

That said, the Court sees no merit in defendants' motions for an Order barring the Government from imposing limits on defendants' right of access. Quite simply, the Government has imposed none, and as defendants have themselves elaborated, they have not been impeded in any way from interviewing Diaz. Moreover, although the Court declines to impose the unwieldy notification procedure requested by the Government, nothing prevents the Government from generally informing its witnesses of their right to decline interviews. "[O]nly access is a matter of right, there is no right to have witnesses compelled to submit to interview, hence no violation by a prosecutor's advising witnesses to that effect." U.S. v. Tipton, 90 F.3d 861, 889 (4th Cir. 1996) (citing United States v. Black,

Criminal No. 04-81 (PG)                                              Page 5

767 F.2d 1334, 1338 (9th Cir. 1985) and United States v. Walton, 602 F.2d 1176, 1179-80 (4th Cir. 1979)).  Given that defendants have demonstrated no present harm, the Court sees no reason why it should infer a likelihood of future harm and order accordingly.  Defendants' motions to prohibit the Government from prospectively interfering are thus also **DENIED WITHOUT PREJUDICE**.

### III. CONCLUSION

While it is beyond the authority of the Government to interpose itself between witnesses and defendants, neither have defendants provided any rational basis for ordering the Government to prospectively refrain from doing so.  No compelling circumstances being present at this time for granting either the Government's (Docket No. 149) or defendants' motions (Docket Nos. 150, 151 and 152), in light of the foregoing, all are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 11, 2005.


                                    S/ JUAN M. PÉREZ-GIMÉNEZ
                                    JUAN M. PÉREZ-GIMÉNEZ
                                    UNITED STATES DISTRICT JUDGE