**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA

      v.

(1) EDDIE S. RODRIGUEZ-BERRIOS
    a.k.a. "Samir"

    Defendant.

CR. NO. 04-81 (PG)

**OPINION & ORDER**

This Opinion and Order follows and expands upon the Court's oral ruling regarding defendant Rodriguez-Berrios' "Motion for Change of Venue" (Docket No. 441), which is **DENIED**.

## I. Background

On April 14, 2004, defendant Eddie Samir Rodriguez-Berrios was charged by way of superseding indictment with three counts in connection with a car-jacking in which the victim, Yesenia Ortiz-Acosta, was allegedly abducted and ultimately slain, all in violation of 18 U.S.C. §§ 371, 2119(3) and 2, and 844(h)(1) and (2). (Docket No. 25). Scarcely five days prior to trial, defendant filed the motion for change of venue subject of this opinion and order, claiming such relief is warranted on account of excessively prejudicial pretrial publicity. Having considered defendant's motion and the applicable jurisprudence, the Court is ready to rule.

## II. Standard

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to be tried "by a panel of impartial, indifferent jurors." Irvin v. Dowd, 366 U.S. 717, 722 (1961) (internal quotations omitted). This constitutional assurance, however, "does not require that the jurors be totally ignorant of the facts and issues

CR. No. 04-81 (PG)                                                        Page 2

involved," only that they be able to "lay aside [their] impression[s] or opinion[s] and render a verdict based on the evidence presented in court." United States v. Moreno-Morales, 815 F.2d 725, 732 (1st Cir. 1987). The Court may grant a change of venue if it determines that there exists in the district "so great a prejudice against the defendant cannot obtain a fair and impartial trial there." Fed.R.Crim.P. 21(a). For publicity surrounding a particular criminal case to infringe the protections provided by the due process clause and the Sixth Amendment, the defendant "must demonstrate at least one of the following: (1) the trial itself was conducted in a 'circus like' atmosphere; (2) the actual jurors who sat on the case possessed fixed opinions that prevented them from judging impartially the guilt or innocence of the defendant; or (3) the community was so saturated with inflammatory publicity as to call into question the juror's assertions and require [the Court] to presume their partiality." Id. at 731.

Through his motion, defendant only raises the third concern, namely that the community has been saturated with inflammatory pretrial publicity. A change of venue is the preferred remedy where a community has been saturated with publicity adverse to the defendant. Id. at 737. The test for prejudice sufficient to justify a change of venue is "whether (a) the facts show that jury prejudice should be presumed, and (b) if prejudice should not be presumed, whether the jury was actually prejudiced against the defendant." United States v. Rodriquez-Cardona, 924 F.2d 1148, 1158 (1st Cir. 1991). Prejudice may properly be presumed "when either (a) inflammatory publicity about a case has so saturated a community that it is almost impossible to draw an impartial jury from that community, or (b) so many jurors admit to a disqualifying prejudice that the trial court may legitimately doubt the avowals of impartiality

CR. No. 04-81 (PG)                                                    Page 3

made by the remaining jurors." <u>Id.</u>  Lest defendant's motion be misconstrued, it is helpful to underscore that he has only claimed that prejudice should be presumed because inflammatory publicity has so saturated the community that it is impossible to select an impartial jury.

### III. Discussion

Defendant argues that "pervasive, intense and inflammatory" pretrial publicity in this case has produced "a trial atmosphere utterly corrupted by press coverage," making it impossible to select an impartial jury. (Docket No. 441 at 3). It is undeniable that the press has covered almost every stage of this case.  In support of his argument, defendant has proffered over two hundred (200) newspaper clippings mostly from the period of the years 1999 to 2001. (Docket No. 443). The clippings chronicle the investigation that eventually led to the above styled and captioned indictment, and many (if not most) reported that the defendant was a suspect in the investigation almost from its inception.  This alone, however, does not warrant a change of venue for at least three reasons.

First, as intimated above, defendant's proffer consists exclusively of newspaper articles, the most recent of which is from the year 2001-nearly five years prior to trial.  Though not conclusive on its own, the fact that the defense has only proffered articles so far removed from the date of trial would tend to indicate that the publicity surrounding the case has abated significantly since then, which would in turn suggest that any prejudice caused by the publicity also would have allayed. <u>See</u> <u>Patton v. Yount</u>, 467 U.S. 1025, 1031-35 (1984) (upholding the Pennsylvania Supreme Court's holding that time elapsed between defendant's first and second trials diffused the effect of

CR. No. 04-81 (PG)                                                        Page 4

pretrial publicity, and noting that "time soothes and erases."); see generally Moreno-Morales, 815 F.2d at 737 (discussing the proper remedy in a case where prejudicial pretrial publicity is unlikely to abate within a foreseeable period.)  In this case, the Court has been present in Puerto Rico during the time of the publicity, and it is aware of its extent.  From its own daily reading of major newspapers, it is obvious to the Court that whatever the extent and nature of the publicity surrounding this case from 1999 to 2001, the same has abated in frequency and tone to this day.  What is more, the more recent newspaper reports on this case have been limited to reporting the procedural posture of the case and the Court's legal rulings on whatever matters have remained unsealed.

     Second, the publicity in this case has not been pervasive or prejudicial enough when compared to other cases where the Court of Appeals for the First Circuit has affirmed denials of motions for change of venue on grounds of prejudicial pretrial publicity.  See Moreno-Morales, 815 F.2d at 730 (affirming denial of change of venue despite the fact that "public exposure in Puerto Rico to the details and personalities of [the case] was almost universal."); United States v. Kouri-Perez, 985 F.Supp. 25, 28-29 (D.P.R. 1997) (using *Moreno-Morales* as a benchmark against which to judge the threshold of prejudice required to justify a change of venue.)  Compared to *Moreno-Morales*, a case that "touch[ed] on fundamental political disagreements, involve[d] a televised legislative investigation and charges of a government coverup, and bec[ame] a focal point of animated gubernatorial campaign," publicity in this case has been simply *de minimus*.  Defendant's proffer of five to seven year old newspaper clippings does not convince the Court that the jurors will be prevented from making an impartial

judgment regarding defendant's guilt or innocence.

Finally, a change of venue is simply too drastic a remedy in this case. At the time the undersigned issued his oral ruling denying defendant's motion, he made clear to the parties that less disruptive measures than a change of venue, like a comprehensive and individualized voir dire and sequestration, could adequately and sufficiently guarantee defendant's right to a fair and impartial trial. Indeed, since the oral denial, the Court issued a gag order forbidding a broad range of individuals who are or were involved in the case, or possess case related information from talking to the press about the case (Docket No. 457), it conducted extensive and individualized voir dire of prospective jurors, and it ordered the jury sequestered so as to avoid their exposure to publicity during trial and ensure that they would render a verdict based solely on the evidence presented and admitted at trial (Docket No. 482). These measures, along with the Court's instructions as to each juror's duty to render a verdict based solely on the evidence, will adequately guarantee that defendant will receive a trial before a fair and impartial jury.

### IV. Conclusion

For the reasons elucidated above, defendant's motion for change of venue (Docket No. 441) is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, September 13, 2006.

                                    S/JUAN M. PEREZ-GIMENEZ
                                    U. S. DISTRICT JUDGE