IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. EDDIE S. RODRÍGUEZ-BERRIOS, Defendant. | CRIM. NO.: 04-081 (SCC) |

**OPINION AND ORDER**

Pending before the Court is Defendant Eddie S. Rodríguez-Berrios' ("Defendant Rodríguez-Berrios") request for this Court to reconsider its Opinion and Order at Docket No. 593. *See* Docket No. 594 ("Motion for Reconsideration"). In its Opinion and Order, the Court denied Defendant Rodríguez-Berrios' request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and for Court appointed counsel to represent him in the proceedings tied to his request for compassionate release. In his Motion for Reconsideration, Defendant Rodríguez-Berrios asks this

Court to reconsider both denials. The Government has opposed Defendant Rodríguez-Berrios' request. *See* Docket No. 596.

For the reasons explained below, the Court DENIES Defendant Rodríguez-Berrios' Motion for Reconsideration.

**I. MOTIONS FOR RECONSIDERATION IN CRIMINAL CASES**

Defendant Rodríguez-Berrios does not specify the legal basis upon which his Motion for Reconsideration is predicated. He merely states that he wishes for this Court to reconsider its decision. Complicating things a bit for him is the fact that, "[m]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule." *United States v. Ortiz,* 741 F.3d 288, 292 n. 2 (1st Cir. 2014). However, the First Circuit, has turned to Federal Rule of Civil Procedure 59(e) and applied that rule to motions for reconsideration that are filed in criminal cases. *See United States v. Allen,* 573 F.3d 42, 53 (1st Cir. 2009); *see also United States v. Montijo-Maysonet,* 299 F.Supp.3d 366, 367 (D.P.R. 2018).

U.S.A. v. RODRÍGUEZ-BERRIOS     Page 3

A motion for reconsideration pursuant to Rule 59(e) is appropriate when the Court's decision "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Biltcliffe v. CitiMorgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014). Moreover, "[t]he repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion." *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 165 n. 9 (1st Cir. 2004). With this legal framework in mind, the Court construes Defendant Rodriguez-Berrios' Motion for Reconsideration as one pursuant to Rule 59(e) and considers the same.

## II. ANALYSIS

In his Motion for Reconsideration, Defendant Rodríguez-Berrios reasons that his inability to obtain up-to-date medical records was central to the Court's decision to deny his argument that his "long COVID" was an "extraordinary and compelling" reason that warranted compassionate release. He reiterates that the Government did not want the Court to be able to review his medical records. And had he been

U.S.A. v. RODRÍGUEZ-BERRIOS                                              Page 4

appointed counsel, he would have been able to address the Court's concerns regarding his health. He adds that if he were to request the medical records himself, he would have to file a FOIA request.

Here, Defendant Rodríguez-Berrios has not pointed to a manifest error of law in the Court's Opinion and Order or to new evidence that would move this Court to alter its earlier ruling. In its Opinion and Order, the Court addressed his "long COVID" argument as a potential "extraordinary and compelling" circumstance but refused to qualify his alleged condition as such. *See* Docket No. 593 at pgs. 8-9.

Further, once again, Defendant Rodríguez-Berrios has failed to point to the specific steps that he has taken to attempt and obtain his up-to-date medical records.[1] In this vein, the Court stresses, as it did in its Opinion and Order, *id.* at pg. 4 n. 3, that the Government has not displayed any

---

[1] The Court highlights that, Defendant Rodríguez-Berrios attached copies of certain medical records in his supplemental motion for compassionate release. *See* Docket No. 592-1. The inclusion of those records confirms that there are mechanisms for him to independently obtain the same.

obstructionist behavior as far as the procurement of his medical records is concerned.

### III. CONCLUSION

Having considered Defendant Rodríguez-Berrios' Motion for Reconsideration, the Court has not identified a reason to disturb its earlier ruling. Accordingly, the Court **DENIES** Defendant Rodríguez-Berrios' Motion for Reconsideration at Docket No. 594.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of July 2022.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE